# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, A.C. RUGH**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**REID R. SUHR**
**HOSPITALMAN (E-3), U.S. NAVY**

**NMCCA 201500414**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 24 September 2015.
**Military Judge:** CAPT P.C. Leblanc, JAGC, USN.
**Convening Authority:** Commanding Officer, Naval Medical Center, San Diego, CA.
**Staff Judge Advocate's Recommendation:** CDR K.W. Messer, JAGC, USN.
**For Appellant:** CDR Robert Evans, Jr., JAGC, USN.
**For Appellee:** Maj Tracey Holtshirley, USMC.

**21 April 2016**

---------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of unauthorized absence terminated by apprehension and three specifications of wrongful use of cocaine, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a. The convening authority approved the adjudged sentence of five months' confinement, reduction to pay grade E-1, forfeiture of $1,144.00 pay per month for five months, and a bad-conduct discharge.

The appellant avers and the Government concedes that the military judge awarded and the convening authority approved a sentence of forfeiture of pay that exceeded the maximum

allowed by law at this special court-martial.  The maximum forfeitures that may be adjudged by special court-martial may not exceed two-thirds pay per month for one year.  Art. 19, UCMJ.  If the sentence includes a reduction in pay grade, the maximum forfeiture is based upon the reduced pay grade.  RULE FOR COURTS-MARTIAL 1003(b)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed).  Accordingly, the appellant's forfeitures should have been computed based on the pay grade of E-1.  The maximum amount of forfeitures that could have been adjudged and approved was $1031.00 pay per month for 12 months.

After taking corrective action, we conclude that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant remains.  Arts. 59(a) and 66(c), UCMJ.

The findings of guilty, and only so much of the sentence as provides for confinement for five months, reduction to pay grade E-1, forfeiture of $1031.00 pay per month for five months, and a bad-conduct discharge are affirmed.

For the Court


R.H. TROIDL
Clerk of Court